IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>     Plaintiff<br><br>v.<br><br>REVONET, INC.<br><br>     Defendant | Civil Court Action No:  1:06cv01892 |

## REVONET'S ANSWER AND GROUNDS OF DEFENSE

COMES NOW Revonet, Inc., ("Revonet") through undersigned counsel and Whiteford, Taylor & Preston, with its Answer and Grounds of Defense, and in support thereof, states as follows:

1. The first paragraph contains introductory statements regarding the nature of the action to which no response is appropriate. To the extent a response is deemed required, Revonet admits Plaintiff has brought this action but denies that Defendant misappropriated Plaintiff's proprietary, confidential and trade secret information. Revonet admits that it executed contracts with Covad. Revonet admits that it had access to limited Covad information and that the parties executed a Mutual Confidentiality and Data Use Agreement which covered, in part, Revonet's handling of Plaintiff's information. Revonet denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Revonet denies the allegations contained in paragraph 2 of the Complaint.

3. Revonet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3; accordingly, they are denied.

4. Revonet admits the allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 contains a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, the allegations are admitted.

6. The first sentence of paragraph 6 contains a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, the allegations are denied. The allegations contained in paragraph 6 are denied except to the extent consistent with the actual language of the Agreement for Services and the Mutual Confidentiality and Data Use Agreement, which speak for themselves.

7. Paragraph 7 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Revonet admits venue is proper but denies the remaining allegations except to the extent consistent with the actual language of the Agreement for Services and the Mutual Confidentiality and Data Use Agreement, which speak for themselves.

8. Revonent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8; accordingly, they are denied.

9. Revonet admits that Plaintiff is a provider of VoIP solutions to small and medium-sized businesses. Revonent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9; accordingly, they are denied.

10. Revonent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10; accordingly, they are denied.

11. Revonent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11; accordingly, they are denied.

12. Revonet admits that Covad entered into a contract with Revonet in June 2004. The allegations contained in paragraph 12 are denied except to the extent consistent with the actual language of the 2004 Agreement for Services, which speaks for itself.

13. The allegations contained in the first two sentences of paragraph 13 are denied except to the extent consistent with the actual language of the 2004 Agreement for Services, which speaks for itself. The allegations contained in the third sentence of paragraph 13 are denied.

14. The allegations contained in paragraph 14 are denied except to the extent consistent with the actual language of the 2004 Agreement for Services which speaks for itself.

15. Revonet admits the allegations contained in the first sentence of paragraph 15. Revonet is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's expectations as referenced in the second sentence of paragraph 15; accordingly, they are denied. As contained in the third sentence of paragraph 15, the allegations as to Revonet's views of the status of its own information are irrelevant and require no responsive pleading. Revonet denies the remaining allegations contained in paragraph 15.

16. Revonet admits that the parties executed a Mutual Confidentiality and Data Use Agreement and that a true copy of the 2004 agreement is attached to the Complaint which speaks for itself. The remaining allegations contained in paragraph 16 are denied except to the extent consistent with the actual language of the 2004 Agreement for Services and 2004 Mutual Confidentiality and Data Use Agreement, which speak for themselves.

17. The allegations contained in paragraph 17 are denied except to the extent consistent with the actual language of the 2004 Mutual Confidentiality and Data Use Agreement, which speaks for itself.

18.    The allegations contained in paragraph 18 are denied except to the extent consistent with the actual language of the 2004 Mutual Confidentiality and Data Use Agreement, which speaks for itself.

19.    The allegations contained in paragraph 19 are denied except to the extent consistent with the actual language of the 2004 Mutual Confidentiality and Data Use Agreement, which speaks for itself.

20.    Revonet admits that the contract was amended and that the amended document speaks for itself. The allegations contained in paragraph 20 are denied except to the extent consistent with the actual language of the Agreement for Services, Amendments thereto and Mutual Confidentiality and Data Use Agreement which speak for themselves.

21.    Revonet admits that the lead generation services came at a cost to Plaintiff. The allegations contained in the second, third and fourth sentences of paragraph 21 are denied except to the extent consistent with the actual language of the 2004 Agreement for Services, which speaks for itself. Revonet is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's expectations; accordingly, they are denied. To the extent that the allegations imply that Revonet did not comply with the agreements with regard to its performance of its services and handling of Plaintiff's information, these allegations are denied.

22.    Revonet admits the allegations contained in the first sentence of paragraph 22. The allegations contained in the second sentence of paragraph 22 are denied except to the extent consistent with the actual language of the 2005 Agreement for Services which speaks for itself.

23.    Revonet admits that the lead generation services came at a cost to Plaintiff. Revonet is without knowledge or information sufficient to form a belief as to the truth of the

allegations relating to Plaintiff's expectations; accordingly, they are denied. The remaining allegations contained in paragraph 23 are denied except to the extent consistent with the actual language of the 2005 Agreement for Services, which speaks for itself.

24. Revonet admits Plaintiff paid money to Revonet under the June 2004 and June 2005 contracts. Revonet admits that by late 2005, Plaintiff paid Revonet millions of dollars for services that Revonet provided. Revonet is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's expectations or disappointment; accordingly, they are denied. The remaining allegations contained in paragraph 24 are denied.

25. Revonet admits the parties entered into a new contract in January 2006. The contract speaks for itself. The allegations contained in the remaining sentences of paragraph 25 are denied except to the extent consistent with the actual language of the 2004, 2005 and 2006 Agreements for Services, which speak for themselves.

26. The allegations contained in paragraph 26 are denied except to the extent consistent with the actual language of the 2004, 2005 and 2005 Agreements for Services, which speak for themselves.

27. Revonet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 27 of the Complaint relating to what Plaintiff understood, expected or relied upon and denies the remaining allegations contained in that sentence, except to the extent consistent with the actual language of the 2004, 2005 and 2005 Mutual Confidentiality and Data Use Agreements, which speak for themselves. Revonet denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Revonet denies the allegations contained in the first sentence of paragraph 28. Revonet admits it fielded phone calls from inbound customer leads generated from Covad's marketing campaign, pursuant to the Agreement for Services.

29. Revonet denies the allegations contained in paragraph 29 of the Complaint.

30. Revonet denies the allegations contained in paragraph 30 of the Complaint.

31. Revonet denies the allegations contained in paragraph 31 of the Complaint.

32. Revonet denies the allegations contained in paragraph 32 of the Complaint.

33. Revonet denies the allegations contained in paragraph 33 of the Complaint.

34. Revonet denies the allegations contained in paragraph 34 of the Complaint.

35. Revonet admits the allegations contained in paragraph 35 of the Complaint.

36. Revonet denies the allegations contained in the first two sentences of paragraph 36, except to the extent consistent with the actual language of the July 10, 2006 letter, which speaks for itself. Revonet denies the remaining allegations contained in paragraph 36 of the Complaint.

37. Revonet restates its responses to the allegations contained in paragraphs 1 through 36 as though fully set forth herein.

38. Revonet admits the allegations contained in paragraph 38 of the Complaint.

39. Revonet denies the allegations contained in paragraph 39 of the Complaint.

40. Revonet denies the allegations contained in paragraph 40 of the Complaint.

41. Revonet denies the allegations contained in paragraph 41 of the Complaint.

42. Revonet denies the allegations contained in paragraph 42 of the Complaint.

43. Revonet restates its responses to the allegations contained in paragraphs 1 through 42 as though fully set forth herein.

44. Revonet denies the allegations contained in paragraph 44 of the Complaint.

45. Revonet denies the allegations contained in paragraph 45 of the Complaint.

46. Revonet denies the allegations contained in paragraph 46 of the Complaint.

47. Revonet denies the allegations contained in paragraph 47 of the Complaint.

48. Revonet denies the allegations contained in paragraph 48 of the Complaint.

49. Revonet denies the allegations contained in paragraph 49 of the Complaint.

50. Revonet restates its responses to the allegations contained in paragraphs 1 through 49 as though fully set forth herein.

51. The allegations contained in paragraph 51 are denied except to the extent consistent with the actual language of the 2004, 2005 and 2006 Agreements for Services, which speak for themselves.

52. Revonet denies the allegations contained in paragraph 52 of the Complaint.

53. Revonet denies the allegations contained in paragraph 53 of the Complaint.

54. Revonet denies the allegations contained in paragraph 54 of the Complaint.

55. Revonet restates its responses to the allegations contained in paragraphs 1 through 54 as though fully set forth herein.

56. Revonet admits that some of Plaintiff's information was disclosed to it. The remaining allegations contained in paragraph 56 are denied.

57. Revonet denies the allegations contained in paragraph 57 of the Complaint.

58. Revonet admits that it was entitled to receive Plaintiff's information pursuant to the terms of the 2004, 2005 and 2006 Agreements for Services and Mutual Confidentiality and Data Use Agreements. The remaining allegations contained in the first sentence of paragraph 58 are denied. Revonet is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the second sentence of paragraph 58 of the Complaint relating to what Plaintiff relied upon; accordingly, they are denied.  Revonet denies the remaining allegations contained in paragraph 58, except to the extent they are consistent with the Agreements for Service and Mutual Confidentiality and Data Use Agreements, which speak for themselves and further denies that Revonet owed any duties to Plaintiff other than those which expressly appear in those Agreements.

59. Revonet denies the allegations contained in paragraph 59 of the Complaint.

60. Revonet denies the allegations contained in paragraph 60 of the Complaint.

61. Revonet denies the allegations contained in paragraph 61 of the Complaint.

62. Revonet restates its responses to the allegations contained in paragraphs 1 through 61 as though fully set forth herein.

63. Revonet denies the allegations contained in paragraph 63 of the Complaint.

64. Revonet denies the allegations contained in paragraph 64 of the Complaint.

65. Revonet denies the allegations contained in paragraph 65 of the Complaint.

## FURTHER DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff's claims may be barred in whole or in part by the doctrine of setoff.

3. The Plaintiff's claims may be barred in whole or in part by the doctrine of accord and satisfaction.

4. Defendant is not liable for punitive damages at law or under the terms of the contract.

5. Plaintiff's available claims and remedies are limited by the terms of the contracts between the parties.

6. The conduct complained of by Plaintiff was expressly authorized by contract.

7. The Defendants reserve the right to amend the Answer and Affirmative Defenses as their investigation continues

8. All allegations not specifically admitted are hereby denied.

Respectfully submitted,

_____//s//_____
Andrew J. Terrell (#431362)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC  20036-5405
(202) 659-6800

Attorney for Defendant,
REVONET, INC.

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(d), service of the foregoing pleading was made electronically through Court's CM/ECF system:

_____//s//_____
Jennifer S. Jackman

*195740*