IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>    Plaintiff<br><br>v.<br><br>REVONET, INC.<br><br>    Defendant | Civil Court Action No:  1:06cv01892 |

# JOINT STATEMENT REGARDING CASE MANAGEMENT AND SCHEDULING

Plaintiff Covad Communications Company ("Covad") and Defendant Revonet, Inc. ("Revonet") hereby submit the following Joint Statement pursuant to the Court's January 8, 2007 Initial Conference Scheduling Order, Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3.  Consistent with Local Rule 16.3(c), the parties discussed the following matters at the Rule 26(f) Conference:

**1.  Whether The Case Is Likely To Be Disposed Of By Dispositive Motion; And Whether, If A Dispositive Motion Has Already Been Filed, The Parties Should Recommend To The Court That Discovery Or Other Matters Should Await A Decision On The Motion.**

On November 6, 2006, Covad initiated this action for breach of contract, trade secret misappropriation and other claims.  Defendant filed its Answer on January 3, 2007.  At this time, neither party has filed a dispositive motion.  The parties anticipate, however, that both Covad and Revonet will file dispositive motions at the conclusion of fact and/or expert discovery.  Once these dispositive motions are on file, the parties will  make any recommendations that they may have with regard to staying further discovery or other matters pending a decision on the motions.

**2.     The Date By Which Any Other Parties Shall Be Joined Or The Pleadings Amended, And Whether Some Or All Of The Factual And Legal Issues Can Be Agreed Upon Or Narrowed.**

At this time, the parties do not anticipate joining additional parties. Discovery, however, may reveal that additional parties may have to be joined fairly adjudicate this dispute. If this occurs, the parties will raise the matter with the Court and request an amendment of the pleadings.

There are certain factual issues that the parties may be able to agree upon, such as certain payments that were made. . The parties anticipate, however, that they will have a difference of opinion with respect to the several of the contractual terms at issue. As the case progresses, the parties will seek to agree upon or narrow legal and factual issues for the Court.

**3.     Whether The Case Should Be Assigned To A Magistrate Judge For All Purposes, Including Trial.**

The parties jointly agree that this matter should not be assigned to a Magistrate Judge.

**4.     Whether There Is A Realistic Possibility Of Settling The Case.**

The parties believe that this matter may become ripe for settlement after they have had an opportunity to take discovery related to both liability and damages issues. After such discovery has been taken, the parties will be amenable to an early settlement conference. The above notwithstanding, the parties agree that an early settlement may be achievable and that, even if an early resolution is not reached, the parties will continue to explore the possibility of settlement throughout the remainder of the case.

5. **Whether The Case Could Benefit From The Court's Alternative Dispute Resolution (ADR) Procedures (Or Some Other Form Of ADR); What Related Steps Should Be Taken To Facilitate Such ADR; And Whether Counsel Have Discussed ADR And Their Response To This Provision With Their Clients.**

Counsel for the parties discussed ADR during the Rule 26(f) conference, and have also consulted with their respective clients regarding various methods of ADR. The parties submit that it will be worthwhile to conduct some discovery before considering whether to engage in ADR. Such discovery should allow the parties to have a better understanding of the issues, which in turn will make the ADR process more meaningful. Once discovery has been conducted, the parties believe that some sort of court-facilitated or private mediation may be beneficial.

6. **Whether The Case Can Be Resolved By Summary Judgment Or Motion To Dismiss; Dates For Filing Dispositive Motions And/Or Cross-Motions, Oppositions, And Replies; And Proposed Dates For A Decision On The Motions.**

Defendant did not file a Motion to Dismiss in this action. As noted in Section 1 above, however, both of the parties anticipate filing dispositive motions. The parties propose the Court set Friday, March 7, 2008 as the last day for filing dispositive motions. At this time, the parties do not seek a modification of the local rules with respect to filing dates for the oppositions and replies to these motions.

7. **Whether The Parties Should Stipulate To Dispense With The Initial Disclosures Required By Rule 26(A)(1), F.R.Civ.P., And If Not, What If Any Changes Should Be Made In The Scope, Form Or Timing Of Those Disclosures.**

The parties have agreed to serve Rule 26(a) disclosures on each other no later than Friday, March 2, 2007 .

**8.    The Anticipated Extent Of Discovery, How Long Discovery Should Take, What Limits Should Be Placed On Discovery; Whether A Protective Order Is Appropriate; And A Date For The Completion Of All Discovery, Including Answers To Interrogatories, Document Production, Requests For Admissions, And Depositions.**

The parties anticipate that discovery will take approximately 11 months from the date of the filing of this Joint Statement. Thus, fact discovery should be completed by <u>December 5, 2007</u>. The parties will adhere to the limitations on discovery as provided by the Federal Rules of Civil Procedure. Given the sensitive nature of the information that is likely to be produced in this litigation, including trade secret and other confidential information, the parties agree that a protective order under Rule 26(c) would be appropriate. The parties intend to submit a proposed protective order to the Court upon reaching an agreement regarding the terms of such proposed order.

**9.    Whether The Requirement Of Exchange Of Expert Witness Reports And Information Pursuant To Rule 26(A)(2), F.R.Civ.P., Should Be Modified, And Whether And When Depositions Of Experts Should Occur.**

At this time, the parties do not seek a modification to the requirement of an exchange of expert witness reports and information under 26(A)(2) and propose the following schedule for expert discovery:

- Designation of expert witnesses – December 5, 2007
- Designation of rebuttal expert witnesses – December 19, 2007
- Last day to serve expert reports – January 18, 2008
- Last day to serve rebuttal expert reports – February 1, 2008
- Expert discovery cut-off – February 15, 2008

10. **In Class Actions, Appropriate Procedures For Dealing With Rule 23 Proceedings, Including The Need For Discovery And The Timing Thereof, Dates For Filing A Rule 23 Motion, And Opposition And Reply, And For Oral Argument And/Or An Evidentiary Hearing On The Motion And A Proposed Date For Decision.**

   This category is not applicable to this litigation.

11. **Whether The Trial And/Or Discovery Should Be Bifurcated Or Managed In Phases, And A Specific Proposal For Such Bifurcation.**

   The parties do not believe at this time that trial or discovery should be bifurcated.

12. **The Date For The Pretrial Conference (Understanding That A Trial Will Take Place 30 To 60 Days Thereafter).**

   The parties submit that the pretrial conference in this matter should be held in March or April 2008, after the Court rules on any dispositive motions pending at that time.

13. **Whether The Court Should Set A Firm Trial Date At The First Scheduling Conference Or Should Provide That A Trial Date Will Be Set At The Pretrial Conference From 30 To 60 Days After That Conference.**

   At this time, the parties submit that the trial date in this matter should be set for a date in May 2008 that is convenient for the Court.

Dated:   January 30, 2007            SQUIRE, SANDERS & DEMPSEY L.L.P.


                                     By: _____
                                     John A. Burlingame (DC Bar #455876)
                                     *jburlingame@ssd.com*
                                     SQUIRE, SANDERS & DEMPSEY L.L.P.
                                     1201 Pennsylvania Avenue, NW
                                     Suite 500
                                     Washington, DC  20004
                                     (202) 626.6600

Dated:   January 30, 2007				WHITEFORD, TAYLOR & PRESTON L.L.P.


						By: _____
						Andrew J. Terrell (DC Bar #431362)
						aterrell@wptlaw.com
						Jennifer S. Jackman (DC Bar # 466922)
						jjackman@wtplaw.com
						1025 Connecticut Avenue, NW
						Washington, DC  20004
						(202) 659.6800


PALOALTO/102628.1