IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>　　　　Plaintiff,<br><br>vs.<br><br>REVONET, INC.<br><br>　　　　Defendant. | Civil Court Action No.:  1:06cv01892<br>(Hon. Colleen Kollar-Kotelly) |

## JOINT MOTION FOR PROTECTIVE ORDER

COME NOW, both parties, through undersigned counsel, with this Joint Motion for Protective Order and in support thereof, states as follows:

1.　　Both parties anticipate that confidential information will be disclosed to the opposing party during the course of this litigation.  In an effort to preserve the confidentiality of this information, the parties stipulate to the attached proposed Protective Order and request the Court to enter said Order.

WHEREFORE, both parties respectfully request this Court to enter the attached Protective Order and for such further relief this Court deems appropriate.

| | |
|---|---|
| Dated:  April 13, 2007 | By:  /s/ John Burlingame |
| | SQUIRE, SANDERS & DEMPSEY L.L.P.<br>John Burlingame, Esq.<br>1201 Pennsylvania Avenue, NW<br>Suite 500<br>Washington, DC 20004<br>Telephone: (202) 626-6600 |
| | Attorneys for Plaintiff<br>Covad Communications Company |
| Dated:  April 13, 2007 | By:  /s/Jennifer S. Jackman |
| | WHITEFORD, TAYLOR & PRESTON L.L.P.<br>Andrew J. Terrell, Esq.<br>Jennifer Jackman, Esq.<br>1025 Connecticut Avenue, N.W., Suite 400<br>Washington, DC  20036-5405<br>Telephone:  (202) 659-6788 |
| | Attorneys for Defendant<br>Revonet, Inc. |

*199564*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>               Plaintiff,<br><br>  vs.<br><br>REVONET, INC.<br><br>               Defendant. | **[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Civil Court Action No.: 1:06cv01892<br>(Hon. Colleen Kollar-Kotelly) |

# [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff COVAD COMMUNICATIONS COMPANY ("Covad") and Defendant REVONET, INC. ("Revonet") (collectively the "parties") by and through their respective counsel, hereby agree to the following Stipulated Protective Order for the protection of confidential information, documents and other things produced, served or otherwise provided in this action by the parties or third parties:

1.     Designated Material.

Information, material and/or discovery responses, including testimony provided at a deposition or hearing, may be designated pursuant to this Stipulated Protective Order by the person or entity producing or lodging it or by any party (the "Designating Party") if: (a) produced, provided or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or Local Rules of this Court or in response to any other formal or informal discovery request or order in this action; and/or (b) filed or lodged with the Court. All such information,

material and/or discovery responses and all information or material derived therefrom shall be considered "Designated Material" under this Stipulated Protective Order.  Unless and until otherwise ordered by the Court or agreed to in writing by the parties, Designated Material shall not be used for any purpose other than the prosecution or defense of this action and shall not be disclosed to any person or entity (including but not limited to any competitor of the disclosing party) other than the parties except as expressly provided under the terms of this Stipulated Protective Order.

    2.    <u>Access</u>.

        2.1    <u>Materials Designated "CONFIDENTIAL."</u>  Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purposes of (i) avoiding invasions of individual privacy or (ii) protecting non-public proprietary information and confidential business, technical and/or financial information relating to the Designating Party's business, technical, personal, or financial affairs.  Subject to Section 3 below, materials designated "CONFIDENTIAL" may be disclosed to:

        (a)    Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee or recipient thereof;

        (b)    Counsel for the parties, as well as the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

        (c)    In-house counsel for the parties;

        (d)    Those officers, directors and employees of any party to this action that the respective counsel of record deems necessary for the preparation of this case;

     (e) Non-party consultants (including without limitation technical consultants, damages experts, translators and interpreters) retained by outside counsel of record and to non-party retained experts (collectively, "Consultants");

     (f) Designated Material marked "CONFIDENTIAL" may also be shown to witnesses at deposition and/or at trial.  However, said material may not be shown to witnesses at deposition and/or trial unless and until said witness signs a certificate concerning material covered by this Stipulated Protective Order as indicated in Exhibit A.  Said witness need not sign a said certificate if said person had lawfully received or authored said material prior and apart from this action; and

     (g) Vendors with whom outside counsel for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents and court reporters, which vendors have agreed in advance to keep confidential.

    2.2 <u>Materials Designated "ATTORNEYS' EYES ONLY."</u>  Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "ATTORNEYS' EYES ONLY" for the purposes of (i) avoiding invasions of individual privacy or (ii) protecting non-public information relating to the Designating Party's business, technical, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure.  Subject to Section 3 below, materials designated "ATTORNEYS' EYES ONLY" may be disclosed to:

     (a) Persons who appear on the face of the Designated Material marked "ATTORNEYS' EYES ONLY" as an author, addressee or recipient thereof;

  (b) Counsel for the parties, as well as the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

  (c) In-house counsel for the parties;

  (d) Non-Party

  (e) Designated Material marked "ATTORNEYS AND CONSULTANTS ONLY" may also be shown to witnesses at deposition and/or at trial. However, said material may not be shown to witnesses at deposition and/or trial unless and until said witness signs a certificate concerning material covered by this Stipulated Protective Order as indicated in Exhibit A. Said witness need not sign a said certificate if said person had lawfully received or authored said material prior and apart from this action

  (f) Vendors with whom outside counsel for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents and court reporters, which vendors have agreed in advance to keep confidential, thereby signing the Certficiate attached as Exhibit A..

  2.3 Within fifteen (15) days after the termination of this action, including all appeals, all recipients of Designated Material pursuant to Section 2 shall return all Designated Material (and all copies thereof) to outside counsel of record in the manner described in Section 12.2 of this Stipulated Protective Order. Any document containing attorney-client privileged information or information protected by the attorney work product doctrine may be destroyed and such destruction certified to in writing by such recipient to outside counsel of record within such fifteen (15) day period.

3.  Certificates Concerning Designated Materials.

3.1 Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 2.1(c) and (d) and 2.2(d) above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Protective Order and fully understands its terms. This certificate shall be in the form attached as Exhibit A. Counsel who makes any disclosure of Designated Materials pursuant to Sections 2.1(c), (d) and (e) and 2.2(d) above shall retain each original executed certificate and, upon written request, shall circulate copies to all counsel of record.

3.2 In addition, each Consultant to whom ATTORNEYS' EYES ONLY material will be disclosed under Section 2.2(d) shall, prior to disclosure of ATTORNEYS' EYES ONLY material, execute the Certification of Consultant in the form attached hereto as Exhibit B. Upon receipt of this Certification of Consultant by counsel for party retaining the Consultant, a copy of such Certification, together with a résumé or curriculum vitae of such Consultant providing his or her fill name and professional address, identifying his or her employment from the preceding five (5) years through the present and describing any other professional engagements during that same period, shall be transmitted by facsimile and by regular mail to counsel for the Designating Party. If, within ten (10) days after receipt of such Certification and résumé or curriculum vitae, and after good faith meet and confer efforts, the Designating Party objects in writing to disclosure of "Attorneys' Eyes Only" Designated Materials to such Consultant, no such disclosure shall be made except upon further order of this Court. No disclosure shall be made during this ten (10) day period.

4. <u>Use Of Designated Materials By Designating Party</u>.

Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

5. <u>Designating Materials</u>.

5.1 Confidential information, documents and other things produced, served or otherwise provided in this action, in whole or in part, may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this section 5.

5.2 The producing or responding party shall designate materials by placing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate, on each page of the materials prior to production.

5.3 When in this action a party wishes to designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials produced by another party or a third party to this litigation because such materials contain confidential or Attorneys' Eyes Only information of the Designating Party, such designation shall be made:

(a) Within fourteen days (14) from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b) By notice to the other party to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with

particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail.

      5.4    Upon notice of designation pursuant to Sections 5.2 or 5.3 above, all persons receiving notice of the requested designation of materials shall:

      (a)    Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Protective Order;

      (b)    Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the confidential nature thereof and the existence of this Stipulated Protective Order; and

      (c)    Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Protective Order.

6.    <u>Designating Depositions</u>.

      6.1    Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate. The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

      6.2    Where the Designating Party has a reasonable belief that testimony at a deposition would disclose confidential or highly confidential information, the Designating Party shall have the right to exclude from the deposition or portions thereof where such testimony will

be given all persons not authorized by the terms of this Stipulated Protective Order to receive such Designated Material.

  6.3 Any party may, within fourteen (14) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to both parties within the fourteen (14) day period. Until the expiration of the fourteen (14) day period, any portion of the deposition not previously designated shall be treated as "ATTORNEYS' EYES ONLY" and subject to protection as provided by this Stipulated Protective Order. After the expiration of the fourteen (14) day period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

 7. <u>Copies</u>.

  All complete or partial copies, summaries or extracts of Designated Materials shall also be deemed subject to the terms of this Stipulated Protective Order.

 8. <u>Filing Designated Materials Under Seal</u>.

  8.1 <u>Disclosure of Designated Material to Court Officials</u>. Subject to the provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action.

  8.2 <u>Filing Designated Materials with the Court</u>. In applications and motions to the Court, all Designated Material filed with the Court shall be filed in accord with Civil Local Rule 5.1(j). For the convenience of the parties and the Court, a party that files a paper that is a

pleading, brief, declaration or exhibit and that contains, in excerpts, quotes or paraphrases Designated Material and undesignated material may file the entire paper under seal. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as Designated Material.

Because this is an Electronic Filing Case ("ECF"), each party will electronically file a redacted, non-confidential version of the document that contains the Designated Material(s) with the ECF system, and also file a sealed, confidential version of the document with the Court in accord with Civil Local Rule 5.1(j).

        8.3    <u>Retrieval of Designated Materials</u>. The party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the termination of the action (including any appeals thereof).

        8.4    <u>Failure to File Under Seal</u>. If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within twenty (20) days of the filing of said Designated Materials. The Clerk of the Court is directed to comply with such request if made.

9.    <u>Objections</u>.

        9.1    A party may challenge the propriety of any designation under this Stipulated Protective Order within forty-five (45) days after production of the material. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged, state the basis for each challenge and propose a specific re-designation for each item

of Designated Materials for which a challenge is made ("Notice of Objection"). Service of a Notice of Objection shall be made by facsimile and by mail.

   9.2  On, but not before, the thirtieth day after service of a Notice of Objection, the challenged material shall be deemed redesignated as proposed by the challenging party unless the Designating Party has filed and served by fax or hand delivery a motion for a protective order to maintain the original designation or designating the material otherwise. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection. It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is "CONFIDENTIAL" (*i.e.*, designated for the purpose of avoiding invasions of individual privacy and of protecting non-public proprietary information, confidential business, technical and/or financial information relating to the Designating Party's business, technical, personal, or financial affairs) or "ATTORNEYS' EYES ONLY" (*i.e.*, designated for the purposes of (i) avoiding invasions of individual privacy or (ii) protecting non-public information relating to the Designating Party's business, technical, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure) within the meaning of this Stipulated Protective Order. Upon the timely filing of such a motion, the original designations shall remain effective until ten (10) days after service of notice of entry of an order redesignating the materials and during the pendency of any request for appellate review filed within the ten (10) day period.

   9.3  The parties shall meet and confer in good faith prior to the filing of any motion under this Section 9.

10. <u>Client Communication</u>.

Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material or information contained in Designated Material, except as permitted by this Stipulated Protective Order.

11. <u>No Prejudice</u>.

11.1 This Stipulated Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

11.2 Unless both parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3 If any person inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Protective Order. Thereafter, such material shall be treated in accordance with the provisions of this Stipulated Protective Order.

11.4 Neither the provisions of this Stipulated Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing, or at trial of this case of any material that is subject to this Stipulated Protective Order or filed under seal pursuant to

its provisions. Prior to trial, the parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with Designated Material at trial.

    12.    Modification and Survival.

        12.1    Modification. Both parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this protective order for any reason. The restrictions imposed by this Stipulated Protective Order may only be modified or terminated by written stipulation of both parties or by order of this Court.

        12.2    Survival and Return of Designated Material. This Stipulated Protective Order shall survive termination of this action. Upon termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to counsel for the Designating Party or, if such party is not represented by counsel, directly to the Designating Party. Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option and expense of the Designating Party, destroyed. Upon request for the return or destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than 90 days after the written request to return or destroy Designated Materials.

        12.3    Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain archival copies, in paper and/or electronic media, of pleadings, briefs and other documents filed in court. Outside counsel shall have the option to

destroy all materials containing attorney-client privileged material or material covered by the attorney work product doctrine.

 13. No Contract.

This stipulation is for the Court's consideration and approval as an order.  It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

 14. Court's Retention of Jurisdiction.

The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

Dated:  April __, 2007    By: /s/ John Burlingame

          SQUIRE, SANDERS & DEMPSEY L.L.P.
          John Burlingame, Esq.
          1201 Pennsylvania Avenue, NW
          Suite 500
          Washington, DC 20004
          Telephone: (202) 626-6600

          Attorneys for Plaintiff
          Covad Communications Company

Dated:  April __, 2007	By: /s/Jennifer S. Jackman

            WHITEFORD, TAYLOR & PRESTON L.L.P.
            Andrew J. Terrell, Esq.
            Jennifer Jackman, Esq.
            1025 Connecticut Avenue, N.W., Suite 400
            Washington, DC  20036-5405
            Telephone:  (202) 659-6788


            Attorneys for Defendant
            Revonet, Inc.


**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: _____	

            UNITED STATES DISTRICT JUDGE

14

**Exhibit A**

**Certification Concerning Material Covered By Stipulated Protective Order**

I, the undersigned, hereby certify that I have read the attached Stipulated Protective Order entered in the United States District Court for the District of Columbia, entitled *Covad Communications Company v. Revonet, Inc.*, Civil Court Action No.: 1:06cv01892. I understand the terms of this Stipulated Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the District of Columbia with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including any proceedings related to contempt of Court. I will use Designated Material marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only in the trial and preparation for trial of this action and will not disclose any such Designated Material to anyone other than persons specially authorized by the Order and agree to return or to destroy, at the discretion and cost of the Designating Party, all such Designated Material which come into my possession to counsel from whom I received such Designated Material.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:_____

Company or Firm:_____

Address:_____

Telephone No.:_____

Relationship to this action and its parties:  _____

_____

_____


Dated:_____        _____
                                                                    Signature

**Exhibit B**

**Consultant Certification**

I, the undersigned, hereby certify I have read the attached Stipulated Protective Order entered in the United States District Court for the District of Columbia, entitled *Covad Communications Company v. Revonet, Inc.***,** Civil Court Action No.: 1:06cv01892. I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action. If at any time after I execute this Consultant Certification and during the pendency of the action I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Designated Material marked "ATTORNEYS' EYES ONLY" unless and until the Court in the action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:_____

Company or Firm:_____

Address:_____

Telephone No.:_____


Dated:_____      _____
                               Signature

PALOALTO/103852.2

*199563*