IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>  Plaintiff,<br><br>v.<br><br><br>REVONET, INC.<br><br>  Defendant. | Civil Court Action No: 1:06cv01892<br>Next Scheduled Event: Fact Discovery<br>Closes: 12/5/2007 |

**DEFENDANT REVONET'S EMERGENCY MOTION FOR**
**PROTECTIVE ORDER AND MOTION TO STAY DISCOVERY**

COMES NOW Defendant Revonet, Inc. ("Revonet"), by undersigned counsel, and submits this **EMERGENCY Motion for Protective Order** and Motion To Stay Discovery and states:

1.  On October 11, 2007, Revonet filed a Motion for Judgment arguing that the Complaint filed by Covad fails as a matter of law because all of the conduct alleged in the Complaint was expressly authorized by the Mutual Confidentiality and Data Use Agreement that was attached to Covad's Complaint. This dispositive motion has been fully briefed by both parties and is ripe for review by this Court without the need for any additional discovery. Indeed, if the Court agrees with Revonet, the Motion for Judgment will fully resolve all issues in this case without the need for additional discovery.

2.  Covad has just noticed three out of state depositions to take place the week after Thanksgiving (November 27th-29th). If discovery is not stayed, Revonet will depose numerous employees and former employees of Covad the following week. Additionally, expert discovery is imminent which will likely most certainly result in significant costs and fees. Revonet is a very

small company with extremely limited resources and has already suffered severe financial devastation as a result of this litigation. Accordingly, requiring Revonet to incur additional significant costs associated with the proposed discovery when there is a very serious question before the Court as to whether Covad has a cognizable cause of action imposes an unreasonable burden on Revonet and such discovery should be reserved until the Motion for Judgment is resolved. Accordingly, Revonet seeks an Order staying discovery pending resolution of the Motion for Judgment. **Additionally, Revonet seeks an Emergency Order from the Court declaring that no discovery is to occur, including the depositions noticed by Covad, until this Motion to Stay is resolved.** As of today, neither party has made travel arrangements for the out of state depositions and thus, neither party would be prejudiced by the relief requested.

2. Defendant adopts and incorporates the accompanying memorandum of points and authorities as though fully set forth herein.

WHEREFORE, Revonet, Inc. respectfully moves this Court for an Order granting its Emergency Motion for Protective Order Staying Discovery providing that the parties are not to engage in any discovery until the Motion for Stay is resolved and entering an Order staying this case pending resolution of the Motion for Judgment and for such further relief this Court deems appropriate.

    Respectfully submitted,

    /s/ Jennifer S. Jackman_____
    Andrew J. Terrell (#431362)
    Jennifer S. Jackman (#466922)
    Kevin G. Hroblak, Esquire
    Whiteford, Taylor & Preston L.L.P.
    1025 Connecticut Avenue, NW
    Washington, DC 20036-5405
    (202) 659-6800
    Attorneys for Defendant,
    REVONET, INC.

- 3 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November, 2007, a copy of the foregoing was delivered by hand to:

> Nicholas Beizer, Esq.
> Squire, Sanders & Dempsey, LLP
> 1201 Pennsylvania Avenue, NW
> Suite 500
> Washington, D.C. 20004

    /s/ Jennifer S. Jackman
Jennifer S. Jackman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>    Plaintiff,<br><br>v.<br><br><br>REVONET, INC.<br><br>    Defendant. | Civil Court Action No: 1:06cv01892<br>Next Scheduled Event: Fact Discovery<br>Closes: 12/5/2007 |

**DEFENDANT REVONET'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER AND MOTION TO STAY DISCOVERY**

COMES NOW Defendant Revonet, Inc. ("Revonet"), by undersigned counsel, and submits this Memorandum in Support of **EMERGENCY Motion for Protective Order** and Motion To Stay Discovery and states:

On October 11, 2007, Revonet filed a Motion for Judgment arguing that the Complaint filed by Covad against Revonet is frivolous and fails as a matter of law because all of the conduct alleged in the Complaint was expressly authorized by the Mutual Confidentiality and Data Use Agreement that was attached to Covad's Complaint. This Motion has been fully briefed by both parties and is ripe for review by this Court without the need for any additional discovery. Indeed, if the Court agrees with Revonet, the Motion for Judgment will fully resolve all issues in this case. If the Court were to deny the Motion for Judgment, then, and only then, would additional discovery be appropriate. Because additional discovery is premature given the pending Motion for Judgment, Revonet seeks a stay of discovery pending resolution of the Motion for Judgment.[1]

---

[1] Revonet sought consent from Covad for the stay; however, as of the time of this filing, counsel for Covad had not heard back from his client regarding its position.

This Motion is filed as an Emergency Motion for Protective Order because Covad has just noticed three out of state depositions to take place the week after Thanksgiving (November 27-29, 2007).  Accordingly, in addition to seeking a stay pending resolution of the Motion for Judgment, **Revonet seeks an Emergency Order from the Court protecting Revonet from having to appear at the depositions recently noticed by Covad until this Motion to Stay has been resolved.**  As of today, no parties have made travel arrangements and neither party would be prejudiced by the requested Order for protection.

### I.  ADDITIONAL DISCOVERY IS PREMATURE AS THE MOTION FOR JUDGMENT IS DISPOSITIVE AND IS TO BE RESOLVED ON THE FACE OF THE PLEADINGS.

Additional discovery is premature at this time because Revonet's Motion for Judgment is a dispositive motion which must be resolved solely on the face of the pleadings, without regard to discovery responses.  Fed. R. Civ. P. 12(c). 56.  A motion for judgment on the pleadings shall be granted "if the moving party demonstrates that "no material fact is in dispute and that it is 'entitled to judgment as a matter of law.'"  Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1485 (D.C. Cir. 1992) (citation omitted).  A court may not consider matters outside the pleadings when presented with a Rule 12(c) motion, but may only consider "facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record."  Robinson v. District of Columbia, 403 F. Supp. 2d 39, 47 (D.D.C. 2005) (emphasis added) (citing EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997)); see also R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006); Park Univ. Enters., Inc. v. American Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006).  See also Maniaci v. Georgetown Univ., 2007 U.S. Dist. LEXIS 66236 (D.D.C. 2007).  Finally, the moving party need not await discovery before filing a 12(c) motion.  See

Carlson v. Reed, 249 F.3d 876, 878 n.1 (9th Cir. 2001) (rejecting as "frivolous" an argument that a Rule 12(c) motion was granted prematurely where discovery had not yet been completed).

The Motion for Judgment has been fully briefed by both parties and is ripe for review by this Court without the need for conducting any additional discovery. Indeed, in considering the Motion for Judgment, the Court should not consider matters outside of the pleading (ie. depositions and discovery) and the issues raised by Revonet can and should be resolved on the face of the pleadings. Because there is a very serious question as to whether Covad has a cognizable cause of action, discovery should be stayed pending that determination.

## II. REVONET HAS VERY LIMITED RESOURCES AND DISCOVERY AT THIS POINT WOULD BE A WASTE OF JUDICIAL ECONOMY AND A DRAIN ON THOSE LIMITED RESOURCES.

Revonet is a very small company with extremely limited resources. Indeed, this lawsuit has nearly bankrupted Revonet. When Covad unexpectedly and unilaterally canceled its contract with Revonet and subsequently filed its Complaint, Revonet lost a significant portion of its income and was forced to terminate the majority of its staff. In addition to losing a substantial amount of revenue, Revonet has incurred (and continues to incur) substantial legal fees in defense of this lawsuit that lacks any basis, as is evidenced by the Motion for Judgment and Covad's Opposition thereto. Between the loss of revenue and Revonet's mounting legal fees, Revonet's financial condition was and remains in dire straits.

In light of the arguments raised in Revonet's Motion for Judgment ( ie. Covad's Complaint is frivolous and the conduct complained of is authorized by the very contracts upon which Covad relies) it is inappropriate for the parties to conduct additional discovery at this time. The discovery can not be considered for purposes of the pending Motion for Judgment and would ultimately not be allowed, should the Court grant Revonet's Motion for Judgment and dismiss the Complaint. Currently, Covad seeks at least three depositions in Connecticut and possibly two

more in North Dakota beginning on November 27th, hence the urgency of this motion. In the event that the Motion for Judgment is denied (or the stay is not granted), Revonet intends to depose numerous employees and former employees of Covad in California which will result in significant costs. In addition to factual discovery, expert discovery has not yet occurred and is imminent. All of this discovery, however, will be a colossal waste of time and money should the Court grant the Motion for Judgment. Accordingly, in order to preserve judicial economy and conserve the extremely limited resources of Revonet, Revonet seeks protection from this Court staying discovery pending resolution of the Motion for Judgment. Additionally, Revonet seek an Order of Protection from this Court declaring that no depositions or additional discovery may occur until after this Motion to Stay is resolved.

### III.  THE COURT HAS DISCRETION TO GRANT THE STAY.

The decision of whether to grant a stay of discovery is committed to the sound discretion of the Court. White v. Fraternal Order of Police, 909 F.2d 512 (D.C. Cir. 1990); see also Fed. R. Civ. P. 26(c)(the Court may make any Order which justice requires). Principles of equity and judicial economy warrant a stay and Covad will suffer no prejudice by the stay. Id. See also Elliott v. Fed. Bureau of Prisons, 2005 U.S. Dist. LEXIS 44224 (D.D.C. 2005). On the contrary, Revonet will suffer extreme hardship if discovery progresses at this stage which otherwise would not be necessary if Revonet's Motion is granted. Until the Court resolves the issue as to whether Covad's fails as a matter of law, discovery should be stayed.

WHEREFORE, Revonet, Inc. respectfully moves this Court for an Order granting its Emergency Motion for Protective Order Staying Discovery providing that the parties are not to engage in any discovery until the Motion for Stay is resolved and entering an Order staying this case pending resolution of the Motion for Judgment and for such further relief this Court deems appropriate.

Respectfully submitted,

  /s/ Jennifer S. Jackman_____
Andrew J. Terrell (#431362)
Jennifer S. Jackman (#466922)
Kevin G. Hroblak, Esquire
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC  20036-5405
(202) 659-6800

Attorneys for Defendant,
REVONET, INC.