UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COVAD COMMUNICATIONS
COMPANY

        Plaintiff,

vs.

REVONET, INC.

        Defendant.

Case No. 1:06cv01892
(Hon. Colleen Kollar-Kotelly)

Next Scheduled Event: Fact Discovery Closes on December 5, 2007

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT REVONET'S EMERGENCY
MOTION FOR PROTECTIVE ORDER AND MOTION TO STAY DISCOVERY**

    Plaintiff Covad Communications Company ("Covad"), by counsel, and pursuant to LCvR 7(b), submits this Memorandum of Points and Authorities in Opposition to Defendant Revonet's Emergency Motion for Protective Order and Motion to Stay Discovery (the "Emergency Motion"), and states:

**I.    INTRODUCTION**

    The Court should deny Revonet's motion because there is no "emergency." The difficulties of which Revonet complains are its own doing. Revonet could have filed its Motion for Judgment on the Pleadings pursuant to Rule 12(c) (the "Motion for Judgment on the Pleadings") long ago. Indeed, Revonet could have challenged the complaint twenty days after service by filing a motion to dismiss under FED. R. CIV. P. 12(b)(6). If Revonet desires to amend the Scheduling Order, it should move to do so after conferring with Covad, not by creating a so-called "emergency" where none exits.

II.   ARGUMENT

<u>Revonet Fails to Meet its Burden to Show that it is Entitled to a Protective Order and to Stay Discovery.</u>

Revonet has the burden of justifying why it is entitled to a protective order or stay of discovery. *See People With AIDS Health Group v. Burroughs Wellcome Co.*, No. 91-0574, 1991 U.S. Dist. LEXIS 14389, at *2 (D.D.C. October 11, 1991) ("[t]he party seeking to stay discovery has the burden of justification"). The pending Motion for Judgment on the Pleadings does not warrant a protective order or stay of discovery. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

"Common examples" of where stays of discovery are granted "occur when jurisdiction, venue, or immunity are ***preliminary*** issues." *Id.* (emphasis added). No such "preliminary" issues are present here. Revonet simply asserts that its Motion for Judgment on the Pleadings raises a "serious question" about the viability of Covad's case. (The Emergency Motion at 6). Accepting such an argument would open the door to a stay whenever a defendant files a potentially dispositive motion. Fortunately, Revonet's argument does not reflect the prevailing standard and does not satisfy Revonet's burden.

Even if Revonet's Motion for Judgment on the Pleadings were facially valid, "'bare assertions'" that discovery "'should be stayed pending [the outcome of] dispositive motions that will probabl[y] b[e] sustained, are insufficient to justify the entry of an order staying discovery generally.'" *People With AIDS Health Group*, 1991 U.S. Dist. LEXIS 14389, at *2 (quoting *Continental Illinois Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148); *see also Twin City Fire Ins. Co.*, 124 F.R.D. at 653 ("the moving party must show more than an apparently meritorious 12(b)(6) claim.").

Revonet's argues that the Parties will incur costs that would be unnecessary if the Court

grants Revonet's Motion for Judgment on the Pleadings. (The Emergency Motion at 6-7). But, "a showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order." *Id.* Revonet could have filed a Motion to Dismiss under Federal Rule 12(b)(6) before answering on January 3, 2007 — over eleven months ago. And Revonet could have challenged the Complaint by filing a motion for judgment on the pleadings any time after that. Instead, Revonet chose to file its challenge to the sufficiency of the Complaint to coincide with the last month of discovery. While FED. R. CIV. P. 12(c) allows Revonet to do so at any time before trial, it cannot delay making such a challenge for eleven months after the case is at issue and then claim that the impending close of discovery and Covad's need to complete its discovery are a "surprise" justifying a stay of discovery, much less an "emergency" requiring the Court's immediate attention.

//
//
//
//

### III. CONCLUSION

For the reasons discussed above, there is no emergency and Revonet's Motion should be denied. Covad respectfully requests that this Court issue an order denying in its entirety Defendant Revonet's Emergency Motion for Protective Order and Motion to Stay Discovery.

Dated:   November 19, 2007          SQUIRE, SANDERS & DEMPSEY L.L.P.


By:    /s/
John A. Burlingame (DC Bar #455876)
*jburlingame@ssd.com*
Nicholas M. Beizer (DC Bar #485894)
*nbeizer@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Avenue, NW
Suite 500
Washington, DC 20004
(202) 626-6600

David S. Elkins
*delkins@ssd.com*
Jose L. Martin
*jlmartin@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304
(650) 843-3362

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 19, 2007, a copy of the foregoing Memorandum of Points and Authorities in Opposition to Defendant Revonet's Emergency Motion for Protective Order and Motion to Stay Discovery was served, via hand delivery and through the Court's ECF system, on:

> Jennifer S. Jackman, Esq.
> Whiteford Taylor Preston L.L.P.
> 1025 Connecticut Ave., N.W.
> Washington, D.C. 20036-5405
> *Counsel for Revonet, Inc.*

                                                /s/
                                    Nicholas M. Beizer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>            Plaintiff,<br><br>    vs.<br><br>REVONET, INC.<br><br>            Defendant. | Case No.  1:06cv01892<br>(Hon. Colleen Kollar-Kotelly)<br><br>Next Scheduled Event: Fact Discovery Closes on December 5, 2007 |

**ORDER**

This case came on to be heard on Defendant Revonet's Emergency Motion for Protective Order and Motion to Stay Discovery (the "Motion") and the Opposition thereto.  In consideration of the Motion, the Opposition, and the record of this case, the Court finds that the Motion should be **DENIED** in its entirety.

It is, therefore,

**ORDERED** that Defendant Revonet's Emergency Motion for Protective Order and Motion to Stay Discovery be and the same hereby is **DENIED** in its entirety.

It is so **ORDERED** this ___ day of _____, 2007.

_____
United States District Judge
Hon. Colleen Kollar-Kotelly

Copies to:

John A. Burlingame, Esq.
Nicholas M. Beizer, Esq.
Squire, Sanders & Dempsey L.L.P.
1201 Pennsylvania Ave., N.W.
Suite 500
Washington, D.C., 20004-2401
*Counsel for Covad Communications Company*

Andrew J. Terrell, Esq.
Jennifer S. Jackman, Esq.
Kevin G. Hroblak, Esq.
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Ave., N.W.
Washington, D.C. 20036-5405
*Counsel for Revonet, Inc.*