IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY | |
| Plaintiff, | |
| v. | Civil Court Action No:  1:06cv01892<br>Next Scheduled Event: Fact Discovery<br>Closes: 12/5/2007 |
| REVONET, INC. | |
| Defendant. | |

## DEFENDANT REVONET'S REPLY TO COVAD'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND MOTION TO STAY DISCOVERY

COMES NOW Defendant Revonet, Inc. ("Revonet"), by undersigned counsel, and submits this Reply to Opposition to Emergency Motion for Protective Order and Motion To Stay Discovery and states:

1.      Notably absent from Covad's Opposition is any reason why this Court should deny the stay requested by Revonet.  As is clear from the pleadings, if the Court grants Revonet's Emergency Motion for Protective Order and Motion to Stay, Plaintiff will suffer absolutely no prejudice or harm.   Indeed, Covad implicitly acknowledges that a stay is appropriate by suggesting that the proper mechanism at this time would be to modify the scheduling order.  If the Court denies Revonet's Emergency Motion for Protective Order and Motion to Stay, however, Revonet will be severely prejudiced and further burdened by prematurely conducting the ten currently-scheduled depositions in various parts of the Country simply to comply with the current discovery schedule.   These depositions may ultimately be unnecessary because of Revonet's Motion for Judgment which sets forth in detail why no claim has been pled in the Complaint by Covad.  Causing Revonet to comply with the discovery schedule and take and

defend the depositions will result in continued significant fees and expenses that Revonet has had to endure resulting from the filing of the frivolous Complaint.

2.     Contrary to Plaintiff's assertion, a stay of discovery is entirely appropriate at this stage of the proceedings because the pending Motion for Judgment is dispositive as to each and every claim contained in the Complaint.[1] *"It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."* <u>Chavous v. D.C. Fin. Resp. and Mgmt. Assistance Act</u>, 201 F.R.D. 1 (D.D.C. 2001) (emphasis added) (citing <u>Anderson v. United States Attorneys Office</u>, 1992 WL 159186 at *1 (D.D.C. June 19, 1992)).  Indeed, this Court has held that, "*a stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned and to make efficient use of judicial resources.*" *Id.*(citing <u>Coastal States Gas Corp v. Dep't of Energy</u>, 84 F.R.D. 278, 282 (D.Del. 1979)). Thus, because the current Motion for Judgment is dispositive of all of the claims in the Complaint, the proposed stay is "eminently logical"  in order to prevent the wasting of time and resources both of this Court and of Revonet, a company with extremely limited resources due to the actions of Plaintiff, Covad.  *Id.*

3.     No trial date has been scheduled in this case and discovery does not close until February 15, 2008, although the deadline for fact discovery is December 5, 2007.[2]  Accordingly, granting Revonet's Motion to Stay will not require a change in the Court's current trial schedule

---

[1] While Covad claims that common examples for stays of discovery involve issues of jurisdiction, venue, and immunity, these "common examples" are certainly not an exhaustive list and Covad failed to cite any law to the contrary.

[2] Plaintiff seems to be arguing, without any legal basis, that Revonet should somehow be penalized for not filing the Motion for Judgment at the outset of the case.  When Revonet was initially sued, it erroneously assumed that Covad complied with Rule 11 and had some factual basis to sue Revonet (a basis that was then-unknown to Revonet which Revonet believed it would learn through its discovery of Covad). After Covad responded to Revonet's written discovery, however, it became abundantly clear that Covad's suit was entirely frivolous and without any basis.   At that point, Revonet promptly filed its Motion for Judgment.

as none has been set.  In the event that this Court denies Revonet's Motion for Judgment, the Scheduling Order can be adjusted, as necessary, at that time to allow for the fact depositions to go forward prior to trial.  Clearly, the burden associated with requiring a party to engage in unnecessary, extensive, and costly depositions when no trial date has been set and when such discovery can be completed at a later date without prejudice to any party, greatly outweighs the burden of staying the depositions until the Court has had an opportunity to review and decide Revonet's Motion for Judgment.

4.    Contrary to Plaintiff's suggestion, Revonet is not seeking an amendment of the current scheduling order and Revonet did confer with Covad prior to filing the instant Motion to Stay at which time Covad's counsel instructed Revonet to file the Motion since Covad's counsel had not yet heard back from his client.  Further, the instant motion requires the urgent attention of this Court as Covad just noticed, eight (8) business days ago, three out-of-state depositions to take place on November 27th – 29th (the week after Thanksgiving), and to preserve its right to certain depositions, Revonet has noted additional depositions to take place the following week where the witnesses are located in California.  Given that the depositions are now only two (2) business days away, Revonet's motion seeking emergency relief from this Court is entirely appropriate.

WHEREFORE, Revonet, Inc. respectfully moves this Court for an Order granting its Emergency Motion for Protective Order Staying Discovery,  providing that the parties are not to engage in any discovery until the Motion for Stay is resolved, and entering an Order staying this case pending resolution of the Motion for Judgment and for such further relief this Court deems appropriate.

Respectfully submitted,

_/s/ Jennifer S. Jackman_____
Andrew J. Terrell (#431362)
Jennifer S. Jackman (#466922)
Kevin G. Hroblak, Esquire
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC  20036-5405
(202) 659-6800
Attorneys for Defendant,
REVONET, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th  day of November, 2007, a copy of the foregoing was sent via first class, United States mail, postage prepaid, to:

Nicholas Beizer, Esq.
Squire, Sanders & Dempsey, LLP
1201 Pennsylvania Avenue, NW
Suite 500
Washington, D.C.  20004

_/s/ Jennifer S. Jackman_____
Jennifer S. Jackman

209881