UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COVAD COMMUNICATIONS
COMPANY,
   Plaintiff,

  v.

REVONET, INC.,

   Defendant.

Civil Action No. 06–1892 (CKK)

**ORDER**
(November 20, 2007)

On November 15, 2007, Defendant Revonet, Inc. ("Revonet") filed an [19] Emergency Motion for Protective Order and [21] Motion to Stay Discovery. Revonet seeks to stay discovery in this action pending resolution of its Motion for Judgment on the Pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on October 11, 2007. That motion is fully briefed. Revonet asserts that a stay of discovery is necessary because Plaintiff, Covad Communications Company ("Covad"), has noticed three out-of-state depositions to take place between November 27 and November 29, 2007 and, if discovery is not stayed, Revonet will depose numerous employees and former employees of Covad the following week, and expert discovery will commence imminently.

Covad opposes Revonet's motions, asserting that Revonet could have filed its Motion for Judgment on the Pleadings before discovery began in this action and that, having failed to do so, Revonet is not entitled to a stay of discovery. The Court largely agrees with Covad. During the Initial Scheduling Conference held in this action on February 5, 2007, the Court explicitly advised the parties that potentially dispositive motions should either be made prior to the

commencement of discovery or, if no pre-discovery dispositive motions existed, following the completion of discovery and a Status Conference.  Counsel for Revonet has selected neither option; Counsel for Revonet did not raise the possibility of its Motion for Judgment on the Pleadings during the Initial Scheduling Conference, and has expressly disregarded the Court's instruction not to file dispositive motions prior to the completion of discovery.  Furthermore, the Court finds Counsel for Revonet's explanation that it uncovered the basis for its Motion for Judgment on the Pleadings during the course of written discovery disingenuous.  That Motion is based solely on the Complaint and the Confidentiality Agreements referenced therein, documents that were readily available to Revonet prior to the Initial Scheduling Conference.

Nevertheless, the Court declines to visit the sins of the attorney upon the clients.  The Court recognizes that the impending discovery represents a significant expense for both parties, and may or may not ultimately be unnecessary if, as Revonet maintains, its Motion for Judgment on the Pleadings is fully dispositive.  As such, it is this 20th day of November, 2007, hereby

**ORDERED** that Revonet's [19] Emergency Motion for Protective Order and [21] Motion to Stay Discovery are GRANTED, and discovery in this action is STAYED pending resolution of Revonet's Motion for Judgment on the Pleadings; it is further

**ORDERED** that the Status Conference set for February 29, 2008 at 9:00 a.m. shall be held as scheduled.

 _/s/_
COLLEEN KOLLAR-KOTELLY
United States District Judge