# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>　　　　Plaintiff,<br><br>vs.<br><br>REVONET, INC.<br><br>　　　　Defendant. | Case No.  1:06cv01892<br>(Hon. Colleen Kollar-Kotelly) |

## JOINT DISCOVERY PLAN

Plaintiff Covad Communications Company ("Covad") and Defendant Revonet, Inc. ("Revonet") hereby submit the following Joint Discovery Plan[1][2] pursuant to the Court's May 20, 2008 Order:

- Fact discovery cut-off – November 26, 2008

- Deadline for filing dispositive motions – December 30, 2008

---

[1] In light of the Court's May 20, 2008 Order, Revonet proposes bifurcating discovery so as to allow for a brief period of discovery limited to the issue identified in the Court's May 20, 2008 Order after which time, a Motion for Summary Judgment would be filed on that issue. In response to Revonet's Motion for Judgment on the Pleadings, the Court identified inconsistencies in Covad's Complaint and Covad's Opposition to Motion for Judgment on the Pleadings. In response to specific questions posed by the Court, Covad clarified its claim. Now that Revonet has a full understanding as to Covad's claim and the narrow issue defined by the Court that could be decided without the need for broad factual and expert discovery, Revonet proposes that the parties resolve this preliminary issue first. Covad does not agree to this proposal. In the event the Court is willing to entertain the issue contained in the May 20, 2008 Order prior to conducting the broader discovery, Revonet proposes a limited period of discovery (sixty to ninety days) followed by the Motion for Summary Judgment thirty (30) days later. If the Court is not inclined to grant the plan proposed by Revonet, Revonet consents to the schedule contained herein.

[2] Covad believes that bifurcation is inappropriate and will simply exacerbate the delay already caused by Revonet's tardy motion for judgment on the pleadings and companion motion to stay. Revonet's motion to stay, which the Court granted reluctantly, came only two weeks before the initial fact discovery cut-off. Proceedings were stayed for six months. Bifurcating discovery to allow Revonet to take another bite at the contract interpretation apple at the expense of all other issues would compound the adverse effects of its prior motions. In any event, Revonet will be free to take whatever discovery it wants (if relevant) and can bring a dispositive motion seeking construction of the contract at issue when appropriate, assuming that doing so fits with the Court 's schedule and practice.

- Designation of expert witnesses – January 30, 2009

- Designation of rebuttal expert witnesses – March 1, 2009

- Last day to serve expert reports – March 30, 2009

- Last day to serve rebuttal expert reports – April 30, 2009

- Expert discovery cut-off – May 30, 2009


Dated:   May 27, 2008            By:   /s/  Kevin M. Blair
                                         John A. Burlingame (DC Bar #455876)
                                         Kevin M. Blair (DC Bar #493299)
                                         SQUIRE, SANDERS & DEMPSEY L.L.P.
                                         1201 Pennsylvania Avenue, NW
                                         Suite 500
                                         Washington, DC 20004
                                         (202) 626-6600

                                         *Counsel for Plaintiff*

                                         WHITEFORD, TAYLOR & PRESTON, LLP

                                 By:   _____//s//_____

                                         Andrew J. Terrell (#431362)
                                         Jennifer S. Jackman (#466922)
                                         1025 Connecticut Avenue, N.W.
                                         Suite 400
                                         Washington, DC  20036
                                         (202) 659-6800

                                         *Counsel for Defendant*