IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>Plaintiff,<br><br>v.<br><br>REVONET, INC.<br><br>Defendant. | Civil Court Action No: 1:06cv01892 (CKK)<br>Next Scheduled Event: 7/18/08<br>Deadline for Motion to Amend/Add Parties |

### DEFENDANT REVONET'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME WITHIN WHICH TO FILE MOTION TO AMEND COMPLAINT AND/OR JOIN ADDITIONAL PARTIES

COMES NOW Defendant Revonet, Inc. ("Revonet"), by undersigned counsel, with this Opposition to Motion to Extend Time Within Which to File Motion to Amend Complaint and/or Join Additional Parties and in support thereof, states as follows:

Covad's request for an extension should be denied because Covad has not demonstrated "truly exceptional or compelling circumstances" as required under the Court's May 29, 2008 Scheduling and Procedures Order so as to justify allowing Covad a *third* opportunity - - nearly twenty-one months after Covad filed its initial Complaint - - to make the determination as to whether amendments or the joinder of additional parties is appropriate. Further, over the past year, Revonet has engaged in significant discovery based upon the claims asserted in the November 2006 Complaint. To permit amendments of pleadings or joinder of parties at this stage of the litigation will prejudice Revonet and cause Revonet, a small company, to incur additional and potentially significant costs associated with additional discovery. Finally, Covad's suggestion that the requested extension will not affect current deadlines is curious, given

its strong indication that based upon new counsel's analysis "it is advisable to consider amendment of the complaint and/or joinder of parties". *(Motion, p. 3, Doc, #. 38)*. If the requested extension is granted and amendments are allowed or additional parties are joined, it will certainly and significantly impact the current Scheduling Order.

### A. Covad's Decision to Substitute Counsel Does Not Qualify as "Truly Exceptional or Compelling Circumstances".

Covad's decision to substitute counsel is not a "truly exceptional or compelling circumstance" as required under the May 29th Scheduling and Procedures Order so as to justify an extension of the current deadline for filing motions to amend pleadings. *(Doc. # 33)*. To date, Covad has had more than twenty (20) months since filing its Complaint to determine whether amendments are appropriate or additional parties should be joined.

In the initial Scheduling and Procedures Order dated February 5, 2007, the Court set May 27, 2007 as the deadline for filing motions to amend and thus, Covad had more than six months from the date it filed its Complaint to determine what, if any, amendments were appropriate. Covad did not file any such motions. Five months <u>after</u> that deadline passed, Revonet filed its Motion for Judgment based upon Covad's 2006 Complaint. The Court ultimately denied Revonet's Motion for Judgment finding that a genuine issue of fact existed as to a certain contractual term that likely required discovery. *(Memorandum Opinion, Doc. # 30)*. Curiously, Covad appears to rely upon Revonet's Motion for Judgment as a basis for its request for an extension stating that the case was "delayed for more than nine months" due to Revonet's Motion. This statement, and the inference contained therein, is inaccurate. Revonet's Motion for Judgment could not have delayed Covad's determination as to whether amendments were appropriate, as it was filed five months <u>after</u> Covad's initial deadline for making that

determination. In reality, as opposed to inhibiting or delaying Covad's ability to determine whether amendments were appropriate, the Motion for Judgment and resulting stay provided Covad with <u>additional</u> <u>time</u> it otherwise would not have had to make this determination. Further, Revonet did not delay this case for "more than nine months" as suggested. <u>After</u> Covad's time to amend pleadings expired, <u>after</u> the parties engaged in certain discovery and <u>after</u> the motion was fully briefed, a stay was imposed for *six* months (as opposed to nine) while the Court considered Revonet's Motion.

On May 29, 2008, after the Motion for Judgment was denied, a status conference was held at which time the current Scheduling Order was entered. During this conference, the Court admonished the parties about making any additional requests for extensions of the Scheduling Order. When discussing the schedule, the Court inquired as to whether any amendments would be made. While counsel for Covad did not believe that any amendments or new claims would be filed, in an abundance of caution, counsel requested a new deadline. Revonet objected to this request. After hearing from both parties, the Court imposed a "firm date" of July 18, 2008 for filing any such motions. (*May 29, 2008 Scheduling and Procedures Order, page 6, Doc. # 33*). Moreover, the May 29th Order, which contains the July 18th deadline, states that **"The Above Scheduled Dates Are Firm"** and instructs the parties that extensions would only be granted "in truly exceptional or compelling circumstances". (*Emphasis in the original; Doc. # 33, pp. 2 & 7*).

The fact that Covad chose to substitute counsel in this case, nearly 2 years after filing the lawsuit and two weeks prior to the *second* deadline for filing motions to amend does not provide "truly exceptional or compelling circumstances" as required under the Court's Scheduling Order. At no time has Covad been unrepresented by counsel. Rather, since the filing of its Complaint on November 6, 2006 and continuing through July 14, 2008, Covad has been represented by the

very able and respected law firm of Squire, Sanders & Dempsey, L.L.P. - - the law firm that prepared the Complaint, purportedly interviewed witnesses, crafted discovery requests, reviewed Revonet's discovery responses and defeated Revonet's Motion for Judgment. If amendments were appropriate, certainly Squire, Sanders & Dempsey, with at least four attorneys handling the case over the course of nearly two (2) years, was in a position to make that determination. The fact that Covad has now decided to replace Squire, Sanders & Dempsey should not provide them with a "third bite" at the amendment apple. Further, Covad has already had two opportunities to make this determination and allowing a third opportunity to make this decision is prejudicial to Revonet, who has relied upon the 2006 Complaint in conducting discovery (which will be discussed more fully below). Accordingly, Covad's request for a third opportunity to evaluate whether amendments are appropriate should be denied.

**B.     Revonet Has Already Engaged In Significant Discovery Based Upon the November 2006 Complaint.**

Covad boldly states at page 2 of its Motion that "little discovery has occurred in this case". That representation is inaccurate. Indeed, Revonet has engaged in significant discovery efforts. Prior to Revonet's Motion for Judgment, both parties served their First Set of Interrogatories and First Set of Requests for Production of Documents. Over the past year, Revonet provided full responses to Covad's discovery requests, conducted interviews based upon Covad's November 2006 Complaint, retained an outside consultant to assist in producing certain electronic evidence,[1] and served Requests for Admissions as well as a Second Set of Requests for Documents on Covad. Both parties have identified witnesses that will likely be deposed (based

---

[1] Revonet repeatedly requested Covad's input in selecting filter terms over the past year, but when no response was received, Revonet tailored its filter terms to respond to the claims contained in the November 2006 Complaint. If additional claims or parties are added that would result in the need for additional or different filter terms, this will result in an undue burden and expense to Revonet.

upon Covad's 2006 Complaint) and Revonet is waiting for Covad to identify which of those witnesses are still employed by Covad and which of those witnesses Covad will produce without subpoena.

It is true that Covad has thus far *provided* little in the way of responses to Revonet's discovery requests. For example, with the sole exception of providing the name of the person who allegedly assisted in responding to the interrogatories, Covad did not answer a single interrogatory (nor did it sign the answers under oath as required). [2] Per the Revised Status Report, on July 3, 3008, Revonet provided notice to Covad of the substantial deficiencies in Covad's discovery responses and served Covad with a Notice of Objection relating to Covad's over-inclusive designation of documents as "Attorneys Eyes Only". No response has been received. On the other hand, Revonet has spent a great deal of time, effort and money in responding fully to Covad's discovery requests.

### C.    If the Extension Is Granted and a Motion is Filed, Deadlines Will Be Affected.

If Covad is provided a third opportunity to determine whether additional parties need to be added or claims need be amended and such a motion is filed, this most certainly will affect the current deadlines and discovery. Such motion (even if it is denied) would not be ripe until the end of August - - when the first round of depositions is supposed to occur. Those key depositions will likely be unable to occur if there is uncertainty as to whether additional claims or additional parties will be added as assumedly, those potential new parties would want to

---

[2] Instead of providing actual answers, Covad generally referred Revonet to "documents that have been produced". Reference to such documents in lieu of responding is improper as (1) the interrogatories seek actual facts and the basis of claims such that a narrative response is required; (2) no documents were specifically identified by Covad to put Revonet on notice as to the specific documents allegedly responding to the inquiries; (3) none of the documents produced by Covad contain the information actually sought in the interrogatories; and (4) the documents produced are not Covad's "business records". As for the documents produced by Covad, many of the documents were produced multiple times and approximately 2/3 of the documents were improperly designated "Attorneys Eyes Only".

participate in that discovery. Further, in the event that such motion is granted and additional parties or claims are added, Revonet, who has already used the majority of allotted interrogatories, will likely need to petition the Court for additional interrogatories relating to those claims. Moreover, the addition of new claims or new parties will require significant changes to the current Scheduling Order so that discovery relating to the new claims and/or parties and will require an extension of the overall discovery deadline - - a deadline that this Court has already instructed the parties will not be extended. Covad's contemplated delayed motion to amend and possible amendment/joinder will undeniably impact the current schedule. Accordingly, Revonet respectfully requests this Court to deny Covad's Motion to Extend Time.

Respectfully submitted,

/s/
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC 20036-5405
(202) 659-6800
Attorneys for Defendant,
REVONET, INC.

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(d), service of the pleading was made through electronic filing of the pleading.

/s/
Jennifer S. Jackman

221084