IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVAD COMMUNICATIONS COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>REVONET, INC.<br><br>Defendant. | Case No. 1:06cv01892<br>(Hon. Colleen Kollar-Kotelly) |

## PLAINTIFF COVAD COMMUNICATIONS COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT REVONET, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Covad Communications Company ("Covad"), by and through counsel, hereby propounds the following written requests for production of documents to Defendant Revonet, Inc. ("Revonet"). Covad requests that Revonet provide its written responses and produce any and all responsive documents for inspection and copying at the offices of Covad's attorneys, Squire, Sanders & Dempsey LLP, 1201 Pennsylvania Avenue, N.W., Washington, D.C. 20004, in accordance with the following definitions and instructions.

### DEFINITIONS

A.   "Revonet" means Revonet, Inc. and each of its past or present agents, attorneys, accountants, employees, representatives, or any other person or persons acting for, on behalf of, or in concert with them.

B.   "You" or "your" means Revonet as defined above.

C. "Covad" means Covad Communications Company, and each of its past or present agents, attorneys, accountants, employees, representatives, or any other person or persons acting for, on behalf of, or in concert with them.

D. "Document" or "documents" means any tangible thing upon which any expression, communication, representation or data has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, on a computer, instant messages, magnetic impulse, or mechanical or electronic recording and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

E. "Person" means any natural person or any business, legal or government entity or association.

F. "Referring" to or "relating" to means concerning, reflecting, discussing, referring or relating to, describing, evidencing or constituting.

G. "Communication" means the transmittal of information in any form, including all forms of electronic communication, including, but not limited to, e-mail and instant messaging.

H.  Wherever used herein, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the words "all" and "any" shall mean "any and all"; the word "including" means "including without limitation."

I.  "The Parties" means Covad and Revonet.

J.  "Covad information" or "Covad's information" means any information, including but not limited to customer leads, that Revonet accessed pursuant to the June 2004, June 2005 or January 2006 Agreements for Services, any information that Covad provided to Revonet subject to The Parties' Mutual Confidentiality and Data Use Agreement, and/or any other information Revonet obtained from Covad.

## INSTRUCTIONS

A.  Produce all requested documents in your possession, custody or control, as they are kept in the ordinary course of business, including with all staples and clips attached and with all associated file folders, dividers and file labels.

B.  If any documents are withheld from production on the alleged ground of privilege or immunity, please state with particularity the reasons it is not being produced, and identify each such document by specifying: (i) the identity of all persons who prepared or signed the document; (ii) the identity of all persons designated as addressees; (iii) the identity of all persons who received any copy of the document; (iv) the date of the document; (v) the subject matter of the document; (vi) the type of document (memorandum, letter, handwritten note, etc.); (vii) the number of pages the document comprises; and (viii) the basis for withholding the document.

C.  If you find the meaning of any term in these requests unclear, you are instructed to assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

D.  These requests are continuing in nature, so as to require you to file supplemental responses in accordance with Federal Rule of Civil Procedure Rule 26(e) immediately upon obtaining different information which makes a prior response no longer complete or true.

## REQUESTS

**REQUEST NO. 1:**

All documents relating to, or which you believe support, any of your affirmative defenses.

**REQUEST NO. 2:**

All internal Revonet correspondence or documents related to Covad.

**REQUEST NO. 3:**

All documents that relate to The Parties' June 2004 Agreement, its preceding negotiations, or subsequent amendments.

**REQUEST NO. 4:**

All documents that relate to The Parties' June 2005 Agreement, its preceding negotiations, or subsequent amendments.

**REQUEST NO. 5:**

All documents that relate to The Parties' January 2006 Agreement, its preceding negotiations, or subsequent amendments.

**REQUEST NO. 6:**

All documents relating to the design, programming, development, creation, operation, marketing, communication, and/or production of Revonet's Federated Database, including but not limited to manuals, schematics, specifications, diagrams, source code and flow charts.

**REQUEST NO. 7:**

All documents establishing, reflecting or relating to the time period when Revonet's Federated Database included any Covad information.

**REQUEST NO. 8:**

All documents reflecting the fact or substance of any person having access to Covad's information, including but not limited to Covad's information in Revonet's Federated Database, since June 29, 2004.

**REQUEST NO. 9:**

All documents reflecting the fact or substance of Revonet adding any Covad information to its Federated Database.

**REQUEST NO. 10:**

All documents reflecting the fact or substance of Revonet sharing any Covad information with any person other than Covad, including but not limited to sharing Covad information via the Federated Database to Revonet's customer, since June 29, 2004.

**REQUEST NO. 11:**

All documents relating to or reflecting persons who could access Revonet's Federated Database between June 29, 2004 and June 1, 2005.

**REQUEST NO. 12:**

All documents relating to or reflecting persons who could access Revonet's Federated Database between June 1, 2005 and January 16, 2006.

**REQUEST NO. 13:**

All documents relating to or reflecting persons who could access Revonet's Federated Database since January 16, 2006.

**REQUEST NO. 14:**

All documents reflecting Revonet's contractual relationships with persons or entities that may have had access to Revonet's Federated Database since June 29, 2004.

**REQUEST NO. 15:**

All documents relating to or reflecting the services Revonet provided, the amount Revonet charged Covad, and the profits Revonet derived pursuant to The Parties' June 2004 Agreement.

**REQUEST NO. 16:**

All documents relating to or reflecting the services Revonet provided, the amount Revonet charged Covad, and the profits Revonet derived pursuant to The Parties' June 2005 Agreement.

**REQUEST NO. 17:**

All documents relating to or reflecting the services Revonet provided, the amount Revonet charged Covad, and the profits Revonet derived pursuant to The Parties' January 2006 Agreement.

**REQUEST NO. 18:**

All documents reflecting those persons who did access Revonet's Federated Database since June 29, 2004.

**REQUEST NO. 19:**

All documents relating to or reflecting persons or entities who obtained Covad information from Revonet, including but not limited to information generated from Revonet's Federated Database which was provided to Revonet's customers, since June 29, 2004.

**REQUEST NO. 20:**

All documents relating to Covad's information.

**REQUEST NO. 21:**

All documents establishing, reflecting or relating to Revonet's handling of Covad's information.

**REQUEST NO. 22:**

All documents establishing, reflecting or relating to Revonet's incorporation of Covad's information into its Federated Database.

**REQUEST NO. 23:**

All documents establishing, reflecting or relating to Revonet's profits since June 29, 2004.

**REQUEST NO. 24:**

All documents establishing, reflecting or relating to Revonet's profits derived from its Federated Database since June 2004, including but not limited to the amounts that Revonet's customers paid for information derived or generated from the Federated Database.

**REQUEST NO. 25:**

All documents relating to or reflecting any complaints, criticisms, or allegations regarding Revonet violating a confidentiality agreement.

**REQUEST NO. 26:**

All documents that you reviewed, or to which you referred, in answering Covad's First Set of Interrogatories.

**REQUEST NO. 27:**

All documents that Revonet identified in Section B of its Initial Disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, which was served on March 2, 2007.

**REQUEST NO. 28:**

All documents that constitute any reports and/or summaries generated or derived from Revonet's Federated Database since June 29, 2004 which incorporate any Covad information.

**REQUEST NO. 29:**

All documents that constitute any reports and/or summaries generated or derived from any Revonet database or data product since June 29, 2004 which incorporate any Covad information.

**REQUEST NO. 30:**

All documents that reflect the criteria, method, process and/or procedures that Revonet utilizes to incorporate qualified leads into its Federated Database.

**REQUEST NO. 31:**

All documents that reflect the criteria, method, process and/or procedures that Revonet utilizes to incorporate qualified sales leads into any Revonet database or data product.

**REQUEST NO. 32:**

All documents that reflect the prices that Revonet charged its customers since June 29, 2004 for any reports and/or summaries generated from the Federated Database.

**REQUEST NO. 33:**

All documents relating to Revonet's staffing of its employees (contract or otherwise) to perform the services pursuant to the June 2004, June 2005 and June 2006 Agreements for Services, including but not limited to (a) staffing changes to meet Covad's requests for services,

(b) salary and/or incentives offered to employees for meeting lead generation milestones, and (c) guidelines for performing inbound and outbound lead generation services.

**REQUEST NO. 34:**

All documents constituting, reflecting or relating to Revonet's procedures for capturing inbound leads pursuant to the June 2004, June 2005 and/or January 2006 Agreements for Services.

**REQUEST NO. 35:**

All documents constituting, reflecting or relating to Revonet's procedures for generating outbound leads pursuant to the June 2004, June 2005 and/or January 2006 Agreements for Services.

**REQUEST NO. 36:**

All documents that reflect the source of any information, including but not limited to any sales leads, that was incorporated into Revonet's Federated Database from June 2004 to July 2006.

**REQUEST NO. 37:**

All documents that reflect the source of any information, including but not limited to any sales leads, that was incorporated into any Revonet database or data product from June 2004 to July 2006.

**REQUEST NO. 38:**

All documents that reflect or relate to the criteria for selecting and procuring sales leads that are incorporated into Revonet's Federated Database.

**REQUEST NO. 39:**

All documents that reflect or relate to the criteria for selecting and procuring sales leads that are incorporated into any Revonet database or data product.

**REQUEST NO. 40:**

All documents sufficient to identify all customers to which Revonet provided lead generation or related services since June 2004.

**REQUEST NO. 41:**

All documents sufficient to identify all Revonet customers that received any information from any Revonet compilation, database or data product, including but not limited to Revonet's Federated Database, since June 2004.

**REQUEST NO. 42:**

All documents that constitute Revonet's document retention policies, regulations, and/or procedures from 2004 to the present.

**REQUEST NO. 43:**

All documents that reflect Revonet's efforts to preserve evidence after receiving Covad's July 10, 2006 letter detailing Revonet's potentially unlawful and/or fraudulent conduct.

**REQUEST NO. 44:**

All documents since June 2004 that reflect or constitute marketing and/or advertising materials for the services that Revonet provides to its customers, including but not limited to the services that Revonet provides utilizing Revonet's Federated Database.

/ / /
/ / /
/ / /
/ / /

Dated:   April 27, 2007

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
John Burlingame (DC Bar #455876)
*jburlingame@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Avenue, NW
Suite 500
Washington, DC 20004

David S. Elkins
Jose L. Martin
*jlmartin@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304
(650) 843-3362

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Hansen Way, Palo Alto, California 94304-1043. On April 27, 2007, I deposited with Federal Express, a true and correct copy of the within document:

**PLAINTIFF COVAD COMMUNICATIONS COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT REVONET, INC.**

in a sealed envelope, addressed as follows:

**WHITEFORD, TAYLOR & PRESTON L.L.P.**
Andrew J. Terrell, Esq.
Jennifer Jackman, Esq.
1025 Connecticut Avenue, N.W., Suite 400
Washington, DC 20036-5405

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of counsel for Plaintiff at whose direction the service was made.

Executed on April 27, 2007, at Palo Alto, California.

_____
Karen S. Beck