# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **COVAD COMMUNICATIONS COMPANY**,           **Plaintiff,**<br><br>v.<br><br>**REVONET, INC.,**<br>          **Defendant.** | **Civil Action No. 06-1892 (CKK/JMF)** |

## MEMORANDUM ORDER

This matter has been referred to me by Judge Kollar-Kotelly for resolution of discovery disputes.  Now pending before the Court is the Plaintiff's Motion for Costs and Attorney's Fees [#90] ("Pl's. Mot.") regarding fees expended in filing its earlier Motion to Deny or Strike Defendant's Supplemental Motion to Compel Discovery [#80].  For the reasons discussed herein, the Plaintiff's motion will be **DENIED**.

## I.  Background

The background of this case has been set forth in greater detail in prior memorandum opinions, see, e.g., Covad Communications Co. v. Revonet, Inc., 250 F.R.D. 14 (D.D.C. 2008), and accordingly will be only briefly summarized here.  Plaintiff Covad is a company that sells voice over internet protocol services.  Defendant Revonet was hired by Covad to generate sales leads, and entered into a contract that is now the basis of this dispute.  The parties dispute whether the contract permitted Revonet to use information about the sales leads it generated for Covad in its own campaign; they also dispute the quantity and type of information that was used.

This case has been plagued by discovery problems and quarreling between the parties.

The plaintiff's current motion before the Court seeks reasonable attorney's fees for its work in filing an earlier Motion to Strike, which this Court granted.  That motion by the Defendant, Supplemental Motion to Compel Discovery and Request for Sanctions [#78], was stricken because it was made without conferring in good faith with the opposing party as required by the Federal Rules of Civil Procedure and this Court's local rules.  See Fed. R. Civ. P. 37(a)(1); LCvR 7(m).  The defendant notified the plaintiff of its intention to file the motion to compel on a Sunday, providing only a window of time between then and Monday morning to "meet and confer," knowing that the plaintiff likely would be unable to, as the plaintiff had been directed by this court to file its opposition to another motion by noon on Monday.  Order of April 27, 2009 [#84].  The plaintiff now requests reimbursement for the costs it incurred in successfully moving the Court to strike the Motion to Compel.

## II.    Analysis

### *Rule 37*

The plaintiff's reliance on Rule 37 of the Federal Rules of Civil Procedure is misplaced. Rule 37(a)(5)(A) and (B) authorize the payment of expenses only after a motion to compel is granted or denied and neither of those things happened here; the plaintiff's motion to strike is not covered by Rule 37, which pertains to motions to compel, and the defendant's motion to compel was stricken, not granted nor denied.  Rule 37 therefore confers no authority upon the Court to award attorney's fees when a motion to strike is involved and I have found no authority to support the proposition that, despite the explicit language of Rule 37, which limits its application to motions to compel being granted or denied, it should nevertheless be construed to permit the award of expenses when a motion to strike is granted or denied.  Equating a motion to strike with

a motion to compel, as plaintiff insists I should, would require authority to grant expenses that the Federal Rules do not confer.  There is no warrant for in effect amending Rule 37 to grant the Court authority it presently does not have.

### *Inherent power of the Court*

There is, of course, another basis for the award of attorney's fees–the inherent power of the court to impose sanctions for bad faith conduct.  However, plaintiff's motion has no more success under the inherent power approach as it does when analyzed in the context of the Federal Rules.  The court's inherent power to impose sanctions can be exercised "to fill in the interstices" of litigation abuse in areas where the Federal Rules are silent.  See Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991).  In the present case, plaintiff's motion to strike does not fall in an area where the Federal Rules are not up to task; rather, the motion to strike is a self-executing motion, with the "sanction" built in: the offending party's work is stricken from the record, the time and money expended on the motion is lost, and the party must re-file.  The concept of proportionality between sanction and offense is to guide the court in its choice of sanctions.   Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996), cert. denied, 520 U.S. 1274 (1997) (citing Shea v. Donohoe Constr. Co., 795 F.2d 1071, 1077 (D.C. Cir. 1986)).  In this case, the "sanction" already imposed by striking the motion is directly proportional to the offense: filing an improper motion.

It is important to note in this context that the striking order can have serious consequences if, during the time between the striking of the motion and its re-filing, a deadline for the filing of the stricken filing has passed.  In that case, the offending party may be hard pressed to show excusable neglect justifying the lateness of the filing under Federal Rule 6(b) of

Civil Procedure.  See Smith v. District of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005).  While that did not occur in this case, that possible consequence and the more ordinary consequence that the offending party will have to do it right the second time in every case makes a poor case for exercising any inherent power to also award expenses since the remedies provided are already equal to the task under Chambers.

### III.    Conclusion

Finding no authority for sanctions in this context and for the foregoing reasons, Plaintiffs's Motion for Costs and Attorney's Fees [#90] is, hereby, **DENIED**.

**SO ORDERED**.

Date:  August 17, 2009                                          _____/S/_____

JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE

4