UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **COVAD COMMUNICATIONS COMPANY,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1892 (CKK/JMF) |
| **REVONET, INC.,** | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This case has been referred to me for discovery disputes. Defendant Revonet filed a Motion to Compel [#44] in September, 2008 seeking more complete responses to some interrogatories and responses generally to requests for production of documents and admissions. I granted that Motion on May 29, 2009 and concurrently directed Covad to show cause why it should not have to reimburse Revonet for the fees and costs it incurred in bringing the motion. See Covad Comm'cns Co. v. Revonet, Inc., — F.R.D. —, No. 06-CV-1892, 2009 WL 1515671, at *8 (D.D.C. May 29, 2009); see also Fed. R. Civ. P. 37(a)(5)(A) (stating that court should permit losing party an opportunity to be heard before imposing sanctions). The issue has now been fully briefed and is ripe for adjudication.

**I. Standard.**

As noted above, the imposition of sanctions arising out of a motion to compel is governed by Rule 37(a), which provides that:

> If the motion is granted . . . the court must, after giving an
> opportunity to be heard, require the party . . . whose conduct

> necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The Rule was specifically amended in 1970 to encompass a presumption that sanctions should be awarded unless one of the conditions in the Rule is met "to encourage judges to be more alert to abuses occurring in the discovery process." Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendments; see also D.L. v. District of Columbia, 256 F.R.D. 239, 242 (D.D.C. 2009) (noting that attorney's fees were not only warranted but required under the Rule); Cobell v. Norton, 226 F.R.D. 67, 90 (D.D.C. 2005) ("[T]he language of the Rule itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist."). And, while I am entrusted with substantial discretion to determine whether and what sanctions are appropriate for discovery misconduct, Bonds v. District of Columbia, 93 F.3d 801, 803 (D.C. Cir. 1996), cert. denied, 520 U.S. 1274 (1997), I am guided by the purpose of the rule which is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). Bearing these considerations in mind, I must determine whether one of the three exceptions applies to this case.

## II.  Analysis.

### A.  Failure to meet and confer.

In its opposition, Covad argued that Revonet's motion was untimely because Covad had insisted that it would produce the items Revonet sought as soon as Covad received its due. For that reason, Covad argues that the parties never reached an impasse that justified court intervention.

The central theme of Covad's opposition to paying the costs of Revonent's filing of the <u>Motion to Compel</u> [#44] is that in the period between its being filed in September, 2008 and my resolving it by my May 29, 2009 Memorandum Opinion and Order, Covad made substantial efforts to ascertain what Revonet truly considered to still be outstanding discovery demands but was rebuffed in its efforts until May 1, 2009 when counsel for the parties finally met and conferred. <u>Responsive Filing of Plaintiff Covad Communications Company to Court's Order of May 29, 2009</u> [#103] at 2. Covad portrays this meeting as productive because, having now been finally informed of what Revonet truly wanted, "[m]any of the issues discussed were resolved in short order." <u>Id.</u>

On March 23, 2009, Revonet had filed its <u>Supplemental Motion to Compel Discovery and Request for Sanctions</u> [#78] that I struck. <u>Order</u> of April 27, 2009. That Order also provided:

> ORDERED that the parties shall take the next week to confer regarding the issues presented in the Revonet's Motion to Compel [#44]. On Friday, May 8, 2009, the parties shall file a document jointly with this Court that indicates whether Revonet will withdraw any of the issues that are currently before the Court in the Motion to Compel.  The document is not to contain any arguments or representations, it should merely be Revonet's stipulation that

3

certain issues have been resolved, if applicable.

The parties complied with that requirement and advised the Court of the issues that had been resolved and the many that remained open and the Court resolved the open ones by its May 29, 2009 Memorandum Opinion.

It must be recalled that in opposition to the September motion to compel, Covad argued that the motion to compel was premature because Revonet had rebuffed Covad's efforts to provide information responsive to Revonet's discovery demands, provided Revonet complied with Covad's demands. Thus, Covad stated: "Plaintiff [Covad] had repeatedly informed of its willingness to provide the responses sought by this Motion [to Compel] once the Defendant [Revonet] produced, or at least commits to produce discoverable documents promised to Plaintiff over a year ago." Plaintiff Covad Communications Company's Memorandum in Opposition to Defendant Revonet's, Inc.'s Motion to Compel [#47] at 2; see also id. at 6 (Covad does not oppose making further responses to discovery but "[s]uch a response should be dependent, however, on Defendant's own cooperation in providing discovery responses.").

In my opinion, I specifically rejected the only argument made as to the prematurity of Revonet's motion–that Covad could condition its compliance with discovery demands on Revonet's complying with Covad's discovery demands. Covad, 2009 WL 1515671, at *6. Thus, I have already concluded that Covad's position was unsustainable, meaning, of course, that I must now also find that its opposition on grounds of prematurity was not substantially justified.

Moreover, events that occurred after the Motion to Compel was briefed that supposedly showed Covad's good faith are irrelevant to the whether its position was valid. I have never focused nor should have on events that occurred after the Motion to Compel and I was advised

by May 8, 2009 that the parties were still at an impasse on many of the issues that were presented by that Motion. That meant I had to go to work and resolve them. Whatever happened between September, 2008 and May 8, 2009 has nothing to do with the validity of the only argument as to prematurity that Covad made in its opposition. Indeed, if as Covad now complains, many of the issues that I resolved were in fact no longer in dispute, I wonder why Covad's counsel signed the May 8, 2009 stipulation that represented to the contrary that many of the discovery disputes, that were the subject of the September 15, 2008 Motion to Compel, were still open. While he now complains that he had insufficient time to consider it, I know that he cannot be in the habit of signing his name to a document filed with the Court that contains inaccuracies or of not bothering to advise the Court of the inaccuracies after he signed it. If the parties were supposedly making progress, rendering the motion moot, why didn't anyone tell me?

          **B.**    **Substantial Justification.**

The Supreme Court has clarified that "substantially justified" does not mean "justified to a high degree." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Rather, it means justified in substance, or that there is a genuine dispute. Id.; see also Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 200, 205 n.1 (D.D.C. 1998) ("If there is an absence of controlling authority, and the issue presented is one not free from doubt and could engender a responsible difference of opinion among conscientious, diligent but reasonable advocates, then the opposing positions taken by them are substantially justified."). However, "a party's position is not substantially justified if there is no legal support for it." Cobell, 226 F.R.D. at 91.

Covad justified its insufficient interrogatory responses by stating that Revonet should consult its own records for answers to Revonet's interrogatories that ask about Revonet's

conduct. In support, Covad cited to Hendler v. United States, 952 F.2d 1364, 1380-81 (D.C. Cir. 1991), which is a case where the government sought dismissal as a sanction for failure to respond to interrogatories. There, the government asked the plaintiff specific questions about its own conduct such as when and how often the government drove heavy machinery onto the plaintiffs' land. Id. at 1380. The plaintiffs responded with a description of specific areas and incidents about which they were aware and said they did not know the rest but would supplement as discovery continued. The court held that the responses were sufficient and declined to award the drastic sanction of dismissal for failure to provide more detailed answers. Id. at 1381. Covad, in contrast, persistently refused to say that it did not know the answer to the interrogatories, which is an answer that I, like the court in Hendler, would have found sufficient. Because they failed to even follow the course of action outlined in the precedent on which they rely, I do not find their conduct to be substantially justified.

Regarding the requests to produce documents, subsequent interrogatories and requests for admission, Covad argues that it was under a belief that Revonet no longer intended to pursue discovery based on its failure to identify outstanding issues and its refusal to withdraw its opposition to Covad's motion for an extension of the discovery deadline. Both of these events occurred after Covad filed its opposition, and are both therefore irrelevant to whether the opposition was legally or factually justified. Covad has essentially conceded that its actions regarding these discovery requests are not justified, and I agree.

### C. Equitable Considerations.

Covad argues that sanctions should not be imposed because Revonet has not been prejudiced by Covad's failure to respond to discovery requests. Covad argues that Revonet's

assertion of burden is inappropriate because the burden is of Revonet's own making.  Covad argues that Revonet still has not produced documents responsive to Covad's requests, which limits Covad's ability to respond to discovery requests meaningfully, and Revonet refuses to withdraw its opposition to Covad's motion for an extension and is thus responsible for limiting its own access to discovery.  Even if all of these arguments are true, the fact remains that Revonet was forced to seek court intervention to obtain relief against baseless objections and the process resulted in Revonet's incurring legal fees and costs and in a delay in the progress of discovery.  Thus, to compensate Revonet proportionately for the harm it has suffered, I will order that Covad pay Revonet's reasonable expenses incurred in making the Motion to Compel.  See Bonds, 93 F.3d at 808.

### III.   Conclusion.

For the reasons stated herein, I will order Covad to compensate Revonet for Revonet's reasonable expenses incurred in making its motion.  An Order accompanies this Memorandum Opinion.

Date: August 17, 2009                                                       /S/
                                                                        JOHN M. FACCIOLA
                                                                        U.S. MAGISTRATE JUDGE