# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

COVAD COMMUNICATIONS COMPANY,

    Plaintiff,

v.

REVONET, INC.,

    Defendant.

Civil Action No. 06-1892 (CKK)

## MEMORANDUM OPINION
(April 3, 2014)

Presently before the Court is Plaintiff's [210] Motion to Extend Deadline to Move to Reopen Case. Upon consideration of the pleadings[1], the relevant legal authorities, and the record as a whole, the Court DENIES Plaintiff's [210] Motion to Extend Deadline to Move to Reopen Case. Accordingly, this action is dismissed with prejudice in its entirety.

On August 24, 2010, Defendant Revonet, Inc. ("Revonet") filed a [195] Notice of Bankruptcy advising the Court that it had filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Connecticut. In light of this filing, this action was automatically stayed pursuant to 11 U.S.C. § 362(a). *See* Minute Order (Aug. 25, 2010). More than two years later, in their November 11, 2013 [207] Joint Status Report, the parties advised the Court that "the Bankruptcy Court docket report reflects that the case was closed on October

---

[1] Mot. of Pl. to Extend Deadline to Move to Reopen Case, ECF No. [210] ("Pl.'s Mot."); Mem. of Pl. in Supp. of Mot. to Extend Deadline to Move to Reopen Case, ECF No. [210-1] ("Pl.'s Mem."); Def.'s Opp'n Mot. to Extend Deadline to Reopen Case, ECF No. [211] ("Def.'s Opp'n"); Reply Mem. of Pl. in Supp. of Mot. to Extend Deadline to Move to Reopen Case, ECF No. [212] ("Pl.'s Reply").

21, 2013, following the Chapter 7 Trustee's October 17, 2013 submission of a Final Account, Certification that the Estate has Been Fully Administered and Application to be Discharged."

Upon receiving this Status Report, the Court ordered that the parties file a Supplemental Joint Status Report "advising the Court (1) of the effect of the resolution of these bankruptcy proceedings on the stay of this matter, including whether such stay is terminated, (2) whether the resolution of the bankruptcy proceedings resolves the disputes at issue in this matter, and (3) if the stay is terminated and the bankruptcy proceedings did not resolve this matter, how the parties wish to proceed in this matter." *See* Minute Order (Nov. 11, 2013). In the parties' [208] Supplemental Joint Status Report, the parties agreed that resolution of the bankruptcy proceedings terminated the automatic stay of this matter. Defendant further argued that the bankruptcy proceedings mooted any issues before this court, as the Chapter 7 liquidation proceeding liquidated all of Revonet's assets, leaving only a shell corporation with no employees and no operations. Plaintiff did not directly dispute these statements but requested additional time to consider whether the bankruptcy proceeding resolved all of the disputes and liability issues in this matter.

On November 20, 2013, in light of the fact that neither party could presently identify any live issue remaining in this matter after the conclusion the bankruptcy proceedings, this Court issued an [209] Order dismissing this case *without prejudice* until January 15, 2014. The Court further ordered that Plaintiff could move to reopen the case or extend this deadline prior to this date should it conclude that some live issue remained in the case even after the resolution of the bankruptcy proceedings. If Plaintiff failed to move to extend or reopen the case by this date, however, the Court stated that the case would stand dismissed *with prejudice*.

On January 15, 2014, Plaintiff filed the present [210] Motion to Extend Deadline to Move to Reopen Case. Plaintiff requests that the Court extend the deadline by which Plaintiff must move to reopen the case until September 15, 2014 in order to permit Plaintiff sufficient time to ensure that Defendant has in fact ceased doing business and that no successors or third parties face liability for the conduct at issue in this case. As evidence that Defendant has not in fact ceased doing business, Plaintiff cites the following information: (1) Defendant has not filed a certificate of cancellation or a certificate of dissolution with the State of Delaware, (2) Defendant's status with the State of Connecticut is listed as active, (3) on LinkedIn.com – a website used for professional networking – Defendant's CEO still identifies himself as CEO of the corporation and 20 other individuals still identify Defendant as their current employer, and (4) Defendant has continued to retain legal counsel in this case. *See* Pl.'s Mem. at 1; Pl.'s Reply at 1. Plaintiff also argues that because of Defendant's "nefarious" activity in other facets of this case – the bankruptcy proceedings, the underlying substantive claims, and potential spoliation of evidence during discovery – the Court should allow additional time for Plaintiff to investigate Defendant's status by holding this case in a dismissed without prejudice status. Pl.'s Mem. at 2-3.

Defendant opposes the request to suspend dismissal of this case with prejudice. In its Opposition, Defendant contends that "[t]he fact that Revonet has ceased to do business is conclusively established by the bankruptcy trustee's final accounting in Revonet's Chapter 7 liquidation proceeding. The trustee's accounting shows that during the entire three years that Revonet was in bankruptcy, it did not conduct any business or pay any employees." Def.'s Opp'n at 1. Revonet, according to Defendant, "is nothing more than a corporate shell that has no employees and no operations." *Id.* Because no evidence provided by Plaintiff contradicts this

description, Defendant argues that this case should be dismissed with prejudice. To the extent Plaintiff seeks to hold successors of Defendant or third parties liable for the conduct at issue, Defendant argues that the proper course is to bring suit against those parties rather than holding in abeyance claims that are no longer viable against Defendant. *Id.* at 2.

The Court agrees with Defendant that Plaintiff's reasons for preserving this lawsuit are unavailing. Plaintiff's claims have been mooted by the bankruptcy proceedings. Plaintiff does not contest Defendant's citations to the bankruptcy trustee's final accounting, and provides no reason to doubt that Revonet (1) no longer has any assets, and (2) during the three years of bankruptcy proceedings did not conduct any business or pay any employees. As support for the proposition that Revonet has continued operations, Plaintiff offers as evidence the fact that Revonet remains registered as a corporation with Connecticut and Delaware. Yet these registrations do not contradict Defendant's characterization of Revonet as a shell corporation with no assets, operations, or employees. Similarly, although Plaintiff points to LinkedIn.com profiles of individuals who list Revonet as their employer, it has provided no evidence to contradict the bankruptcy trustee's report that Defendant did not pay any operating expenses such as wages, salaries and rents during the course of its bankruptcy. Finally, the fact that Defendant has retained legal counsel shows little, as a corporate defendant is barred from proceeding *pro se* in federal court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Moreover, the Court notes that any continued operations by Revonet, in contradiction of the bankruptcy trustee's final accounting, would likely constitute fraud on the bankruptcy court.

Plaintiff argues that it would be greatly prejudiced if this Court dismissed this case in its entirety and it turns out that Revonet is continuing to operate. Pl.'s Reply at 2. But Plaintiff has provided insufficient evidence for the theory it proffers. Plaintiff has had more than six months since the close of the bankruptcy proceedings to find evidence of Revonet's continued operations. Yet it has turned up little in the way of persuasive evidence. Accordingly, the Court is reluctant to grant Plaintiff another six months for a fishing expedition, particularly in waters carefully trawled by the bankruptcy court. Indeed, the Court fears that granting Plaintiff's present request on such meager evidence would set a bad precedent, fostering additional requests for extensions beyond September 2014 that would only prolong this already hoary litigation.

Accordingly, for the foregoing reasons, the Court DENIES Plaintiff's [210] Motion to Extend Deadline to Reopen Case. This case is DISMISSED WITH PREJUDICE in its entirety. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge